LOUIS H. KREUZER II (State Bar No. 159607)
The Law Offices of Louis H. Kreuzer II
601 Daily Drive, Suite 221
Camarillo, CA 93010
Telephone: (805) 383-4131
Facsimile: (805) 383-4135

JOSEPH M. HERBERT, (State Bar No. 191021)
The Law Offices of Joseph M. Herbert
601 Daily Drive, Suite 221
Camarillo, CA 93010
Telephone: (805) 482-5340
Facsimile: (805) 482-5360

Attorneys for Plaintiff
MARK BARRUETA

FILED
AUG 06 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>INTERNATIONAL PROTECTIVE SERVICES, INC.<br><br>Debtor<br><br>_____<br><br>MARK BARRUETA, individually, and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL PROTECTIVE SERVICES, INC. dba INTERNATIONAL SERVICES, INC.<br><br>Defendant. | CASE NO. 2:09-bk-19847-EC<br><br>CHAPTER 11<br><br>ADV. PROC. NO.<br><br>CLASS ACTION COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523 |

-1-

CLASS ACTION COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523

Plaintiff MARK BARRUETA ("Barrueta"), individually, and on behalf of all similarly situated individuals, complains of Debtor and Defendant INTERNATIONAL PROTECTIVE SERVICES, INC. dba INTERNATIONAL SERVICES, INC., as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334 and the reference order of the United States District Court for the Central District of California. This adversary proceeding relates to the Chapter 11 case of 2:09-bk-198417-EC under Chapter 11 of Title 11 of the United States Code now pending in this court to determine dischargeablity of a debt. This matter is a "core proceeding" pursuant to 28 U.S.C. §157.

2. Venue is proper pursuant to the provisions of 28 U.S.C. §1409.

3. Class actions are permitted in the Bankruptcy Court under Federal Rules of Civil Procedure Rule 23 and Federal Rules of Bankruptcy Procedure Rule 7023.

## GENERAL ALLEGATIONS

4. On April 27, 2009, Debtor International Protective Services, Inc. dba International Services, Inc. dba Professional Executive Protections and Investigation dba Action Security and Investigations dba Denmark Security dba Trojan Security Services filed a bankruptcy petition for relief under Chapter 11 of the United States Bankruptcy Code. Defendant is a corporation and seeks discharge herein under Title 11 of the United States Code, Section 727.

5. Plaintiff's claim arises from the Southern California Grocery Strike ("Strike") which took place from October 2003 to February 2004 and involved, among others, Ralphs Grocery Company ("Ralphs"), and the United Food and Commercial Workers.

6. In response to the Strike, Ralphs, through International Services, Inc. ("ISI"), employed the Plaintiff and the Plaintiff Class to work as security guards at Ralphs' Southern California stores affected by the Strike.

7. ISI and Ralphs jointly required Plaintiff and the Plaintiff Class to work as plainclothes security guards and carry concealed weapons. Plaintiff and the Plaintiff Class were assigned to protect Ralphs personnel and property. Plaintiff and the Plaintiff Class also performed non-security work in the stores.

8. Defendant and Ralphs falsely characterized the Plaintiff and the Plaintiff Class as independent contractors. The Plaintiff and the Plaintiff Class were required to sign "Independent Contractor Engagement Agreements" as a condition of employment. Defendants assigned the Plaintiff and the Plaintiff Class to work twelve-hour (12) work shifts, not including check-in, travel, and preparatory time. Plaintiff and the Plaintiff Class were paid straight-time for the twelve hour (12) shifts.

9. The Plaintiff and Plaintiff Class were only paid for their twelve-hour (12) shifts working at the store. They were not paid for time spent at Ralphs Headquarters in Compton, California before or after their 12 hour shift, or for time spent traveling to and from Compton, or for the time checking out and putting gas in the Ralphs' vehicles before turning them in at Compton.

10. The paychecks provided to Plaintiff and the Plaintiff Class were inaccurate and untimely as they did not show all hours worked, and improperly reported all hours as straight-time.

11. California Business and Professions Code §7582.1(e) provides that a security guard may not act as an independent contractor to provide security services. A security guard must be employed as an employee of either a Private Patrol Operator, or the person or business for whom the guard is providing security services.

-3-

12. ISI and Ralphs were joint employers of Plaintiff and the Plaintiff Class and are responsible for compliance with California law and applicable Wage Orders, including IWC Wage Order 4-2001, concerning payment of overtime and double-time wages.

13. On October 16, 2007, Plaintiff Mark Barrueta filed a complaint in Los Angeles County Superior Court titled, *Mark Barrueta v. Ralphs Grocery Company, International Services, Inc.*, Case Number BC 379200. The Complaint was filed as a putative class action concerning violation of the California Unfair Competition Law (the "UCL," Business and Professions Code §§ 17200 *et seq.*). Plaintiff Mark Barrueta brought the Complaint on behalf of himself and all those similarly situated persons who provided services to Ralphs through ISI at Ralphs during the Strike. The Complaint seeks restitution of unpaid overtime.

14. On January 16, 2009, the Los Angeles Superior Court ordered that Notices re Disclosure of Contact Information be sent to the putative class members. The purpose of the Notice was to allow to the putative class members to object to the disclosure of their contact information to counsel for Plaintiff and counsel for Ralphs.

15. Those Notices have been sent out and the third-party administrator provided the list of non-objecting putative class members to counsel for Plaintiff and counsel for Ralphs.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings suit on behalf of himself, and on behalf of all similarly situated individuals with respect to jobs and pay while employed by ISI and Ralphs. The Class, including the Plaintiff, consists of all persons who held the same or equivalent position as Plaintiff Mark Barrueta, and includes persons who: 1) provided services to Ralphs through ISI; 2) were paid hourly; 3) wore plainclothes; 4) were instructed to carry a concealed weapon; 5) acted as security guards during the Strike; and 6) who worked, but were not paid all overtime and double-time wages for hours worked

-4-

pursuant to California overtime wage law. The Class represents over 100 hundred persons and is so numerous that the joinder of each member of the class is impracticable.

17. There is a well-defined community of interest in the questions of law and fact affecting the Class that Plaintiff represents. The Plaintiff and the Class Members were employed by ISI and Ralphs as security guards on an independent contractor basis. The Class Members' claims against ISI involve questions of common or general interest in that each was employed by Defendant and each was not paid all overtime and double-time wages for hours worked pursuant to California overtime wage law. These questions are such that proof of a state of facts common to the members of the Class will entitle each Class Member to the relief requested in this complaint.

18. The Class Members that Plaintiff represents have no plain, speedy, or adequate remedy at law against ISI other than by maintenance of this class action. Plaintiff is informed and believes, and thereon alleges, that the damage to each Class Member is relatively small and that it would be economically infeasible to seek recovery against Defendants other than by a class action.

19. Plaintiff will fairly and adequately represent the interests of the Class because Plaintiff is a member of the Class and because Plaintiff's claims are typical of those in the Class.

## FIRST CAUSE OF ACTION

(Nondischargeabilty Against the Debtor International Protective Services, Inc.

Pursuant to 11 USC § 523(a)(2)(A))

20. Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 19, inclusive, as if set forth individually in this First Claim for Relief.

21. This cause of action is brought pursuant to 11 U.S.C. § 523(a)(2)(A) under Title 11 of the United States Code, which provides that a debt incurred by a debtor which is due to false pretenses, a false representation, or actual fraud is nondischargeable.

-5-

22. Defendant is indebted to Plaintiff and Plaintiff Class as a result of Defendant's false pretenses, a false representation, and/or actual fraud because:

   a. ISI falsely represented to Plaintiff and the Plaintiff Class that they were independent contractors;

   b. ISI knew at the time of making these representations that the representations were false;

   c. ISI made those representations with the intention and purpose of deceiving the Plaintiff and the Plaintiff Class;

   d. The Plaintiff and the Plaintiff Class justifiably relied on these representations; and,

   e. The Plaintiff and the Plaintiff Class sustained losses as a proximate result of the debtor's representations.

23. Plaintiff and the Plaintiff Class are owed money for unpaid overtime and double-time premiums and non-payment for all overtime hours worked. Plaintiff and Plaintiff Class claim such amounts together with prejudgment interest pursuant to law providing for prejudgment interest.

## SECOND CAUSE OF ACTION

(Nondischargeabilty Against the Debtor International Protective Services, Inc.

Pursuant to 11 USC § 523(a)(6))

24. Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 19, inclusive, as if set forth individually in this First Claim for Relief.

25. This cause of action is brought pursuant to 11 U.S.C. § 523(a)(6) under Title 11 of the United States Code, which provides that a debt incurred by a debtor which is due to a willful and malicious injury is nondischargeable.

26. Defendant's acts against Plaintiff and the Plaintiff Class caused a willful and malicious injury because the acts constituted conversion and/or fraud.

26. Defendant's acts against Plaintiff and the Plaintiff Class constituted conversion because:

    a. The Plaintiff and Plaintiff Class had ownership or right to possession of the money for overtime and double-time premiums and overtime wages at the time of conversion;

    b. ISI wrongfully converted money owed to Plaintiff and the Plaintiff Class by retaining the money; and,

    c. Plaintiff and the Plaintiff Class were deprived of the money they earned and was owed to them.

27. Defendant's acts against Plaintiff and the Plaintiff Class constituted fraud because:

    a. ISI falsely represented to Plaintiff and the Plaintiff Class that they were independent contractors;

    b. ISI knew at the time of making these representations that the representations were false;

    c. ISI made those representations with the intention and purpose of deceiving the Plaintiff and the Plaintiff Class;

    d. The Plaintiff and the Plaintiff Class justifiably relied on these representations; and,

    e. The Plaintiff and the Plaintiff Class sustained losses as a proximate result of the debtor's representations.

28. Plaintiff and the Plaintiff Class are owed money for unpaid overtime and double-time

premiums and non-payment for all overtime hours worked. Plaintiff and Plaintiff Class claim such amounts together with prejudgment interest pursuant to of law providing for prejudgment interest.

WHEREFORE, Plaintiff prays judgment and relief as follows:

1. For certification of this case to be a class action;

2. For appointment of Plaintiff's counsel as class counsel;

3. On the First Claim for Relief, for judgement against Debtor and Defendant International Protective Services, Inc., determining that the debt owed by the Debtor to Plaintiff and the Plaintiff Class is not dischargeable in its bankruptcy case and for judgement thereon according to proof;

4. On the Second Claim for Relief, for judgement against Debtor and Defendant International Protective Services, Inc., determining that the debt owed by the Debtor to Plaintiff and the Plaintiff Class is not dischargeable in its bankruptcy case and for judgement thereon according to proof;

5. For judgement for all moneys owed to Plaintiff and the Plaintiff Class;

6. For interest and costs pursuant to any and all applicable provisions of law and as allowable by law; and,

7. For any other and further relief that the Court considers and deems proper.

DATED: August 6, 2009         THE LAW OFFICES OF LOUIS H. KREUZER II

                              By: _____
                                  LOUIS H. KREUZER II
                                  Attorneys for Plaintiff

FORM B104 (08/07)  2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Mark Barrueta, individually, and on behalf of all similarly situated individuals | International Protective Services, Inc. dba International Services, Inc. |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Louis H. Kreuzer II (S.B.N. 159607), 601 Daily Dr., Ste. 221 Camarillo, CA 93010  tel. 805/383-4131 | Levene, Neale, Bender, Rankin & Brill L.L.P. 10250 Constellation Blvd, Ste. 1700 Los Angeles, CA 90067 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin | ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin |
| ☒ Creditor  ☐ Other | ☐ Creditor  ☐ Other |
| ☐ Trustee | ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Nondischargeability of debt for willful and malicious injury (11 U.S.C. sec. 523(a)(6).

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
[2] 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

*RECEIVED AUG 07 2009 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: Deputy Clerk*

| ☒ Check if this case involves a substantive issue of state law | ☒ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR** <br> International Protective Services, Inc. dba International Services, Inc. | **BANKRUPTCY CASE NO.** <br> 2:09-bk-19846 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central | Los Angeles | Ellen Carrroll |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*[signature]*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 8/6/09 | Louis H. Kreuzer II |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

```
Attorney or Party Name. Address, Telephone & FAX Numbers, and California State Bar Number          FOR COURT USE ONLY
Louis H. Kreuzer II (S.B.N. 159607)
Law Office of Louis H. Kreuzer II
601 Daily Dr., Ste. 221
Camarillo, CA 93010
Tel. 805/383-4131
Fax: 805/383-4135
```

RECEIVED
AUG 07 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

*Attorney for Plaintiff* Mark Barrueta

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:
International Protective Services, Inc.

Debtor.

CHAPTER 11

CASE NUMBER 2:09-bk-19847-EC

ADVERSARY NUMBER

Mark Barrueta, individually, and on behalf of all similarly situated individuals

Plaintiff(s),

vs.

International Protective Services, Inc. et. al.

Defendant(s).

*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*

## SUMMONS AND NOTICE OF STATUS CONFERENCE

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

JON D. CERETTO
**Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)

**F 7004-1**

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 601 Daily Dr., Ste. 221, Camarillo, CA 93010.

A true and correct copy of the foregoing document described as Complaint for Nondischargeability of Debt Pursuant to 11 U.S.C. sec. 523(a)(6) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Russell Clemenston, US Trustee
725 S. Figueroa, 26th Floor
Los Angeles, CA 90017
(VIA FIRST CLASS MAIL)

Hon. Ellen Carroll USBJ
255 East Temple Street Street
Los Angeles, CA 90012
(VIA FIRST CLASS MAIL)

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/6/09 | LOUIS H. KREUZER II | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)  **F 7004-1**

| In re (SHORT TITLE)<br>International Protective Services, Inc.<br>Debtor(s). | CASE NO.: 2:09-bk-19847-EC |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

Ron Bender, Esq.
Levene, Neale, Bender, Rankin & Brill LLP
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067
(Debtor's Counsel)

Remy Kessler, Esq.
Reed Smith LLP
355 S. Grand Ave., Ste. 2900
Los Angeles, CA 90071
(Counsel for Ralphs Grocery Company)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)  F 7004-1